787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
CHARLES CHRISTOPHER LANING, DOUGLAS KARL ADAMS, Defendants-Appellants.
 85-1348, 85-1394
 United States Court of Appeals, Sixth Circuit.
 3/27/86
 
 AFFIRMED
 W.D.Mich.
 On Appeal from the United States District Court for the Western District of Michigan
 Before: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Christopher Laning and Douglas Karl Adams appeal their convictions obtained after a jury trial in the United States District Court for the Western District of Michigan on firearms charges. The firearms were discovered by agents for the Bureau of Alcohol, Tobacco and Firearms during the execution of a search warrant on June 29, 1984, at Laning's residence. Two guns were seized from inside the house. Agents also searched outside the house using metal detectors and eventually discovered an underground structure, described by the parties as an underground bunker, wherein they found a shotgun, two rifles and a pistol equipped with a silencer. The bunker was located 200 yards from the house.
 
 
 2
 Adams was residing at Laning's home at the time of the search. Richard Cummings also lived at the Laning residence until a short time prior to the search. He was ordered to leave by Laning after the two had a falling out. Cummings was subsequently arrested on a marijuana charge and became an informer in the present case. The affidavit supporting the search warrant was largely based upon information given by Cummings. Cummings also testified at trial.
 
 
 3
 The indictment alleged five counts. Laning was charged in four and Adams was charged in three counts. Laning was convicted on all four and received concurrent terms of ten, ten and two years and a consecutive two-year term. Adams was convicted on only one count and received a four-year sentence.
 
 
 4
 On appeal, each defendant raises various issues. Both defendants attack the government's authority to search the underground bunker given the language in the warrant authorizing the search of the residence 'and all outbuildings and appurtenances thereto.' They also argue that Cummings' information was too unreliable to support a probable cause determination. In addition, defendants challenge Cummings' in-court testimony on several bases. They challenge the district court's suppression of Cummings' felony convictions which were 15 years or older, as well as the alleged failure of the government to fully disclose the consideration given in exchange for Cummings' testimony.
 
 
 5
 In addition, Laning argues that his statements made to officers during execution of the search warrant should have been suppressed since they were made prior to administration of Miranda warnings. Laning also claims that the government wrongfully refused to disclose certain Jenck's Act materials.
 
 
 6
 Adams alleges that he was denied effective assistance of counsel through his attorney's failure to file a timely motion for judgment of acquittal. Finally, Adams claims that the evidence against him is insufficient to support the verdict.
 
 
 7
 Upon a review, the court is unable to find any error in the admission of the evidence obtained pursuant to the search warrant which was executed on June 29, 1984. The affidavit on which the warrant was issued was fully adequate and provided ample probale cause for the search and corroboration of Mr. Cummings' hearsay information, even though it might have been subject to a challenge concerning his motivation and reliability generally. The search was not a general search within the meaning of Stanford v. Texas, 379 U.S. 479 (1965), because it extended to an underground bunker located some distance from the house but connected to it by power and television cables, especially since the object of the search was limited to weapons and the affidavit made clear that they would probably be secreted or perhaps even buried on the premises.
 
 
 8
 The most difficult challenge to the trial was in the limitations which defense counsel claimed were placed upon their ability to challenge the credibility of Richard Cummings. These consisted of a restriction upon the introduction of felonies committed many years prior to the trial by Cummings, the precautions which the trial judge administered to Cummings when he was cross-examined concerning other possible crimes for which he had not been granted immunity, and limitations arising from the refusal of the government to disclose grand jury testimony before the commencement of the trial. Rule 609(b), Fed. R. Evid. 609(b), generally precludes the use of criminal convictions which took place more than 10 years before the witness testifies. The rule applies generally to all witnesses, not merely to defendants who testify in their own behalf. The rule may be relaxed when, in the discretion of the trial judge, the probative value of introducing such evidence outweighs its prejudical impact. Defendants also assert that such proof was admissible under Rule 404(b), Fed. R. Evid. 404(b), as directly relevant to Cumming's credibility and motivation in testifying concerning the ownership and possession of the weapons in question. The admission upon this basis, under Rule 404(b) was likewise within the sound discretion of the trial judge.
 
 
 9
 While we believe that substantial latitude in cross-examination of witnesses who, like Cummings, are testifying under a limited grant of prosecutorial immunity, should be accorded to defense counsel, we are unable to conclude that the broad discretion accorded the trial judge was abused. Likewise, we are not of the opinion that any restriction in this regard so affected the fairness of the trial or the reliability of the verdict as to constitute reversible error.
 
 
 10
 The court finds no merit in the other claims of error as asserted on appeal.
 
 
 11
 AFFIRMED.